**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Seth Allen Aikens,<br><br>     Petitioner,<br><br>vs.<br><br>Dora B. Schriro; et al.,<br><br>     Respondents. | No. CIV 07-470-PHX-SRB (GEE)<br><br>**REPORT AND RECOMMENDATION** |

On March 2, 2007, Seth Allen Aikens, an inmate currently confined in the Arizona State Prison Complex in Buckeye, AZ, filed a pro se Petition for Writ of Habeas Corpus pursuant to Title 28, United States Code, Section 2254. [doc. #1] Before the court are the petition and the respondents' answer.

Pursuant to the Rules of Practice of this Court, this matter was referred to Magistrate Judge Edmonds for report and recommendation. The Magistrate Judge recommends the District Court, after its independent review of the record, enter an order dismissing the Petition for Writ of Habeas Corpus. It is time-barred.

Summary of the Case

On June 10, 2003, Aikens pleaded guilty in Yavapai County Superior Court to one count of armed robbery, one count of burglary in the first degree, one count of unlawful flight, one count of aggravated assault, and one count of weapons misconduct. (Respondents' answer, p.

1 2.) On July 8, 2003, the trial court imposed the following sentences respectively: an aggravated term of 10 years' imprisonment, an aggravated term of 10 years' imprisonment, an aggravated term of 2 years' imprisonment, an aggravated term of 10 years' imprisonment, and an aggravated term of 3 years imprisonment. *Id.* The sentences were to run concurrently. *Id.*

On September 30, 2003, Aikens filed in state court a notice of post-conviction relief. *Id.*, p. 2-3. On March 3, 2004, he filed his petition in which he argued he should be resentenced because his burglary sentence was erroneously designated a class 2 felony rather than a class 3 felony. *Id.*, p. 3. The state agreed, and on April 30, 2004, the trial court resentenced Aikens to an aggravated term of 7 years' imprisonment for burglary in the first degree. *Id.*

On September 8, 2004, Aikens filed in state court a second notice of post-conviction relief claiming his sentencing violated *Blakely v. Washington*, 542 U.S. 296 (2004). *Id.* The trial court dismissed the petition on September 21, 2004, because *Blakely* did not apply retroactively. *Id.* Aikens filed a petition for review on October 1, 2004, which was denied by the Arizona Court of Appeals on July 19, 2005. *Id.*, pp. 3-4. Aikens petitioned the Arizona Supreme Court, but it denied review on March 9, 2006. *Id.*, p. 4.

Previously, on August 5, 2005, Aikens filed in state court a third notice of post-conviction relief claiming the trial court failed to inform him of his right to appeal at the resentencing. *Id.* The trial court dismissed the petition on August 16, 2005. *Id.* Aikens filed a petition for review with the Arizona Court of Appeals which was denied on May 26, 2006. *Id.*

On March 2, 2007, Aikens filed the instant Petition for Writ of Habeas Corpus in U.S. District Court. He claims his sentence was imposed in violation of his constitutional rights because the facts that increased his sentencing range were not proven to a jury beyond a reasonable doubt. *See Blakely v. Washington*, 542 U.S. 296 (2004).

In their answer, the respondents argue the petition is time-barred. In the alternative, they argue the petition should be denied on the merits because *Blakely* does not apply retroactively.

Discussion

The writ of habeas corpus affords relief to persons in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2241. A one-year limitations period applies to persons in custody pursuant to a state court judgment. 28 U.S.C. § 2244(d). The statute reads in pertinent part as follows:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

\* \* \*

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;

\* \* \*

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In this case, the limitations period began when Aikens' judgment became final. *Blakely* has not been made retroactively applicable to cases on collateral review, so section 2244(d)(1)(C) does not apply. *See Cook v. United States*, 386 F.3d 949, 950 (9th Cir. 2004).

The trial court resentenced Aikens on April 30, 2004. Aikens had 90 days to file notice of his Rule 32 of-right petition. Ariz.R.Crim.P. 32.4(a). He did not file a timely notice, so his judgment became final when the deadline expired – July 29, 2004. The limitations period began to run the next day and expired one year later on July 29, 2005. *Summers v. Schriro*, 481 F.3d 710, 711 (9th Cir. 2007) ("AEDPA's one-year statute of limitations does not begin to run until the conclusion of the Rule 32 of-right proceeding and review of that proceeding, or until the expiration of the time for seeking such proceeding or review."). The instant petition was filed on March 2, 2007. It is time-barred and should be dismissed.

The second notice of post-conviction relief, filed on September 8, 2004, was filed outside the 90-day deadline. *See* Ariz.R.Crim.P. 32.4(a). It was therefore untimely and did not toll the limitations period. *See Pace v. DiGuglielmo*, 544 U.S. 408, 417, 125 S.Ct. 1807, 1814 (2005) (An untimely petition for post-conviction relief is not "properly filed" and does not toll the limitations period under § 2244(d)(2).) The trial court did not explicitly find this petition was untimely, but that does not resolve the issue. In the absence of clear direction from the state court, the federal court must determine if the petition was timely under state law. *See Evans v. Chavis*, 546 U.S. 189, 198, 126 S.Ct. 846, 852 (2006); *Lewis v. Norris*, 454 F.3d 778, 780-81 (8th Cir. 2006), *cert. denied*, 127 S.Ct. 515 (2006) (applying the rule of *Chavis* to Ark.R.Crim.P. 37.2(c)). It was not.

RECOMMENDATION

The Magistrate Judge recommends that the District Court, after its independent review of the record, enter an order DISMISSING the petition as time-barred. [doc. #1]

Pursuant to 28 U.S.C. §636 (b), any party may serve and file written objections within 10 days of being served with a copy of this report and recommendation. If objections are not timely filed, the right to de novo review may be deemed waived.

The Clerk is directed to send a copy of this report and recommendation to the petitioner and the respondents.

DATED this 2nd day of November, 2007.

_____
Glenda E. Edmonds
United States Magistrate Judge